**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
U.S. DISTRICT COURT

06 SEP 19  AM 10: 46

TX EASTERN-MARSHALL

BY_____

GOLDEN HOUR DATA SYSTEMS, INC.,    §
                                   §
    Plaintiff,                     §
                                   §   CIVIL ACTION NO. 2 - 0 6 C V - 3 8 1 ᴛᴊᵂ
v.                                 §
                                   §   Jury Trial Demanded
EMSCHARTS, INC., and SOFTTECH, LLC, §
                                   §
    Defendants.                    §
                                   §

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Golden Hour Data Systems, Inc. hereby complains of Defendants emsCharts, Inc and Softtech, LLC for infringement of United States Patent No. 6,117,073 and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338(a).

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

### THE PARTIES

4. Plaintiff Golden Hour Data Systems, Inc. is a California corporation with a principal place of business at 10505 Sorrento Valley Road, San Diego, California, 92121.

1

5. Plaintiff is the owner by assignment of United States Patent No. 6,117,073 ("the '073 patent"), duly and lawfully issued on September 12, 2000. A copy of the '073 patent is attached hereto as Exhibit A.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant emsCharts, Inc. is a Pennsylvania corporation with a principal place of business at 12 Allegheny County Airport, West Mifflin, Pennsylvania, 15122.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant Softtech, LLC is an Oregon limited liability company with a principal place of business at 16675 S.W. Parrett Mountain Road, Sherwood, Oregon, 97140.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendants do business in this judicial district and have committed acts of infringement in this judicial district.

## CLAIM FOR RELIEF

### (Infringement of the '073 Patent)

9. Plaintiff is informed and believes, and on that basis alleges, that Defendants have been and still are knowingly and intentionally infringing the '073 patent under 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale emsCharts emergency medical management and reporting software and Flight Vector emergency air medical dispatch and flight management software for integrated use that constitutes a data management system for tracking a patient incident covered by one or more claims of the '073 patent. Plaintiff is further informed and believes, and on that basis alleges, that infringement by the Defendants of the '073 patent under § 271(a) will continue unless enjoined by this Court.

10    Plaintiff is informed and believes, and on that basis alleges, that Defendants have been and still are knowingly and intentionally infringing the '073 patent under 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale emsCharts emergency medical management and reporting software and Flight Vector emergency air medical dispatch and flight management software for integrated use that constitutes a computerized method of generating a patient encounter record covered by one or more claims of the '073 patent. Plaintiff is further informed and believes, and on that basis alleges, that infringement by the Defendants of the '073 patent under § 271(a) will continue unless enjoined by this Court

11.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have been and still are knowingly and intentionally inducing others under 35 U.S.C. § 271(b) to directly infringe the '073 patent by providing emsCharts emergency medical management and reporting software and Flight Vector emergency air medical dispatch and flight management software and sufficient instructions to make and use a data management system for tracking a patient incident covered by one or more claims of the '073 patent. Plaintiff is further informed and believes, and on that basis alleges, that the inducement of others by each Defendant under § 271(b) to directly infringe the '073 patent will continue unless enjoined by this Court.

12.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have been and still are knowingly and intentionally inducing others under 35 U.S.C. § 271(b) to directly infringe the '073 patent by providing emsCharts emergency medical management and reporting software and Flight Vector emergency air medical dispatch and flight management software and sufficient instructions to practice a method of generating a patient encounter record covered by one or more claims of the '073 patent. Plaintiff is further informed and believes, and

on that basis alleges, that the inducement of others by each Defendant under § 271(b) to directly infringe the '073 patent will continue unless enjoined by this Court.

13.   Plaintiff is informed and believes, and on that basis alleges, that Defendant emsCharts, Inc. has been and still is knowingly and intentionally contributorily infringing the '073 patent under 35 U.S.C. § 271(c) by providing emsCharts emergency medical management and reporting software especially made or especially adapted for infringing use and neither a staple article nor commodity of commerce suitable for substantial noninfringing use. Plaintiff is further informed and believes, and on that basis alleges, that the infringement of the '073 patent by Defendant emsCharts, Inc. under § 271(c) will continue unless enjoined by this Court.

14.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Softtech, LLC has been and still is knowingly and intentionally contributorily infringing the '073 patent under 35 U.S.C. § 271(c) by providing Flight Vector emergency air medical dispatch and flight management software especially made or especially adapted for infringing use and neither a staple article nor commodity of commerce suitable for substantial noninfringing use. Plaintiff is further informed and believes, and on that basis alleges, that the infringement of the '073 patent by Defendant Softtech, LLC under § 271(c) will continue unless enjoined by this Court

15.   Plaintiff is informed and believes, and on that basis alleges, that Defendants are willfully, deliberately, and intentionally infringing the '073 patent in the manners described above with full knowledge thereof, and will continue to do so unless enjoined by this Court.

16.   Plaintiff is informed and believes, and on that basis alleges, that Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of infringement gains, profits, and advantages, tangible and intangible, the extent of which are not presently

known to Plaintiff. By reason of the aforesaid acts of infringement, Plaintiff has been, and will continue to be, greatly and irreparably damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    That each Defendant be adjudged to have infringed the '073 patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

B.    That each Defendant, its subsidiaries, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with any of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '073 patent;

C.    That the Court award Plaintiff recovery of damages to compensate Plaintiff for infringement of the '073 patent by each Defendant, pursuant to 35 U.S.C. § 284;

D.    That each Defendant be adjudged to have willfully infringed the '073 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

E.    That this action be adjudged an exceptional case, and that the Court award Plaintiff its attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285;

F.    That the Court assess pre-judgment and post-judgment interests and costs of suit against each Defendant, and award such interests and costs to Plaintiff; and

G     That Plaintiff be granted such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues triable of right by jury.

Respectfully submitted,

Dated: _September 19, 2006_

By: _____
S. Calvin Capshaw, *Lead Attorney*
Texas State Bar No. 03783900
BROWN MCCARROLL LLP
1127 Judson Road, Suite 220 (75601)
P.O. Box 3999
Longview, Texas 75606-3999
Telephone: (903) 236-9800
Facsimile:  (903) 236-8787
E-mail:  ccapshaw@mailbmc.com

Attorneys for Plaintiff
GOLDEN HOUR DATA SYSTEMS, INC.

Of Counsel

Frederick S. Berretta
Cal. State Bar No.: 144,757
Mark A. Geier
Cal. State Bar No.: 231,707
Phillip A. Bennett
Cal. State Bar No.: 241,809
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA  92101
Telephone:  (619) 235-8550
Facsimile:  (619) 235-0176
E-mail: fberretta@kmob.com
E-mail: boris.zelkind@kmob.com
E-mail: mark.geier@kmob.com
E-mail: phillip.bennett@kmob.com

2926578
091406