IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC. a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>EMSCHARTS, INC., a Pennsylvania corporation, and SOFTTECH, LLC, an Oregon limited liability company,<br><br>    Defendants. | CIVIL ACTION NO. 2:06-cv-381-TJW<br>JURY TRIAL DEMANDED<br><br>Judge T. John Ward |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the Court is advised that the parties agree that certain documents and information being sought through discovery in the above-captioned action may contain confidential technical, scientific or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1. **PURPOSE AND LIMITATIONS**

Because disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure would be warranted, any party or third party that is required to produce or disclose such information in this case may designate it as Confidential Information. Material or information that is designated as Confidential Information shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

Dallas 241801v1

The parties acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Court Rule CV-5(a)7 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.   DEFINITIONS**

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, or electronically stored information) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.C.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that has received Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action. Any non-party that becomes a Producing Party may designate Disclosure or Discovery Material in the same manner as a Party and shall receive all of the same

protections and safeguards for its confidential and proprietary materials afforded by this Protective Order as would a Party.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities not affiliated with any Party that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted there from as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties (non-parties) or counsel to or in court or in other settings that might reveal Protected Materials.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of paragraph 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

**Native and/or Other Electronic Materials:** The parties agree to produce electronically stored information in its native format as ordinarily kept in the course of business unless the information cannot be conveniently produced in such manner or such production causes undue hardship to the Producing Party. All Confidential Material produced in such manner or which cannot be conveniently designated as set forth in Paragraph 5.1(a) shall be designated by informing the Receiving Party of the designation in writing. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark

Dallas 241801v1

such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the Producing Party shall include a confidentiality designation on the medium containing the documents. If the medium contains documents in native electronic format, the medium shall include an electronic database record for each native format file that includes on the face of the electronic database record the applicable confidentiality designation (if any) and a document identification or Bates number that identifies the specific production number of such document within the Producing Party's production. When a Receiving Party prints a native format file from such medium, the Receiving Party shall also print the corresponding electronic database record and the Receiving Party shall attach the electronic database record to the native format file so that the native file's confidentiality designation will be readily apparent to one viewing the file. In the event that a receiving party prints a native format file from a medium that has been marked with a confidentiality designation, but the native file is not accompanied by an electronic database record or the electronic database record could not be printed, the receiving party shall mark each such page of such native file with a "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation until the native file's electronic database record may be located or printed.

(b) <u>for testimony given in deposition or in other pretrial proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on the record prior to the close of the deposition, hearing, or other proceedings, all protected testimony and further specify any portions of the testimony that qualifies as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

record (before the deposition or proceeding is concluded) a right to have up to 30 days after the record is available for review to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 day period shall be covered by the provisions of this Stipulated Protective Order.

Upon designation of the transcript on the record, during the deposition, the portion of the deposition containing Confidential Material shall continue in the absence of all persons to whom access to said Confidential Material has been denied under the terms of this Protective Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Confidential Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portions and specify whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      5.2 <u>Inadvertent Failures to Designate</u>. If promptly corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, upon prompt notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1 <u>Timing of Challenge.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

Dallas 241801v1

6.3 <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Court Rule CV-7 ( and in compliance with Local Court Rule CV-5(a)7 , if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item, including Disclosure or Discovery Material, designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as staff and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) five officers, directors, or employees (including any House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation; and

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item, including Disclosure or Discovery Material, designated "HIGHLY CONFIDENTIAL – ATTORNEYS'' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as staff and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more that three court days after receiving the subpoena or order. Such notifications must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protective Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Court Rule CV-5(a)7.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identified (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **ORDER IS BINDING**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. The provisions of this Order are considered binding until entered by the Court.

13. **JURISDICTION**

Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

14. **Identification Of Employees Designated To See Confidential Material:** Prior to disclosure of any material designated as "CONFIDENTIAL" pursuant to Paragraph 7.2(b) to any officer, director, or employee (referred to herein as "Designated Employee") of the Receiving Party that has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), counsel for the Receiving Party shall provide to each party a list of Designated Employees, not exceeding five persons, to whom "CONFIDENTIAL" information may be disclosed. Along with the identification of Designated Employees, counsel for the Receiving Party shall provide to each party copies of the executed "Agreement to Be Bound by Protective Order" signed by

each Designated Employee. If a party designates less than five individuals, the party reserves the right to subsequently supplement its designation provided that prior to disclosing any "CONFIDENTIAL" material to the additional Designated Employee(s), the Party identifies the additional Designated Employee(s) in accordance with this paragraph.

15. **Clearing Of Consultants And Experts To See Confidential Material:** Prior to disclosure of any material designated as "CONFIDENTIAL "or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," pursuant to Paragraphs 7.2 or 7.3, to any persons described in Paragraphs 7.2(c) or 7.3(b), counsel for the Party that has received such material shall first provide such person with a copy of the Protective Order and shall cause such person to execute the Acknowledgment attached hereto as Exhibit A, evidencing such person's agreement to be bound by the terms and conditions of this Protective Order.

(a) Prior to disclosure of any designated material to any persons described in Paragraphs 7.2 or 7.3 a duplicate original of said written Acknowledgment will be provided to each party, as well as a brief biographical sketch of such person including a description of the prior employment and consulting positions held by such person in his/her field and disclosing any relationships to the parties, direct or indirect.

(b) No designated material shall be shown to any person described in Paragraphs 7.2 or 7.3 until fourteen (14) days after such person is identified in writing to the opposing party and such brief biological sketch is provided to the opposing party.

(c) In the event that a party objects in writing to the designation of any person described in Paragraphs 7.2 or 7.3 within the fourteen (14) day period set forth in Paragraph 14(b) above, no disclosure of any Confidential Material may be made to such person until the objecting party consents or, after a good faith attempt to resolve the issue by the parties, the Court rules in favor of the non-objecting party. Objections shall not be unreasonably made.

16. **MISCELLANEOUS**

16.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dallas 241801v1

**IT IS SO ORDERED**

SIGNED this 13th day of August, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC. a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>EMSCHARTS, INC., a Pennsylvania corporation, and SOFTTECH, LLC, an Oregon limited liability company,<br><br>    Defendants. | CIVIL ACTION NO. 2:06-cv-381-TJW<br>JURY TRIAL DEMANDED<br><br>Judge T. John Ward |

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ depose and say that:

1.     I live at _____, I am currently employed by _____.

2.     I have been provided with a copy of the STIPULATED PROTECTIVE ORDER agreed to by the parties in the above-captioned litigation.

3.     I understand that my name has been submitted as a proposed recipient of materials and information that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the PROTECTIVE ORDER.

4.     I agree to abide by and be bound by the terms of the PROTECTIVE ORDER, and agree that any Confidential Information within the meaning of the PROTECTIVE ORDER will be used by me only to assist counsel in connection with the above-captioned litigation.

5.     I agree that I will not disclose or discuss such Confidential Information with anyone other than the persons described in Paragraphs 7.2 and 7.3 of the PROTECTIVE ORDER.

6.  I agree not to make any copies of Confidential Information furnished to me pursuant to the PROTECTIVE ORDER other than copies used by me in accordance with Paragraph 4 of this Acknowledgement and Agreement.

7.  I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the PROTECTIVE ORDER will constitute a breach of the PROTECTIVE ORDER and also my obligations under this Acknowledgement, which may subject me to legal action, including sanctions and punishment in the nature of contempt.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4123581
080907