**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMSCHARTS, INC., and ) <br> SOFTTECH, LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 2:06-cv-381-TJW <br><br> Honorable T. John Ward |

**ANSWER AND AFFIRMATIVE DEFENSES OF CROSS-DEFENDANT
EMSCHARTS, INC., TO CROSS-PLAINTIFF SOFTTECH, LLC'S CROSS-CLAIM
AGAINST EMSCHARTS, INC.**

Comes Now, Cross-Defendant, emsCharts, Inc. ("emsCharts"), and files its Answer and Affirmative Defenses to Cross-Plaintiff Softtech, LLC's ("Softtech") Cross-Claim Against emsCharts, Inc., and in support thereof avers as follows:

**ANSWER**

**I.     Parties**

1.     emsCharts is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1; therefore, they are denied.

2.     Admitted.

**II.     Jurisdiction and Venue**

3.     Denied. By way of further response, the cross claims asserted by Softtech do not form part of the same case or controversy under Article III of the United States Constitution.

4.     Admitted.

5.     Denied.

1

### III.  Facts

6.  Admitted.

7.  emsCharts is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7; therefore, they are denied.

8.  Denied.  emsCharts did not enter into a Distributor Agreement with Softtech on or about November 7, 2005.  Said Distributor Agreement was entered into between Softtech and OptiSTAT, a Delaware Corporation.  As such, emsCharts was not appointed a non-exclusive distributor of certain Softtech software as alleged.

9.  It is admitted that emsCharts was aware of Golden Hour Data Systems, Inc.'s ("Golden Hour") '073 patent prior to November 7, 2005.  The remaining allegations of Paragraph 9 are denied.  Prior to November 2005, Golden Hour did not contact emsCharts about the '073 patent alleging that emsCharts software infringed on the Golden Hour '073 patent.

10. Denied.

11. Denied.  emsCharts had no duty to inform Softtech of Golden Hour's '073 patent, was not contacted by Golden Hour regarding any potential infringement as alleged, and had no knowledge that Golden Hour would regard a combination of the Flight Vector software and emsCharts medical charting software an infringement of the '073 patent.

12. Denied.  Golden Hour did not contact emsCharts about Golden Hour's '073 patent after November 7, 2005 and/or before September 2006 alleging that the combination of Softtech's Flight Vector software and emsCharts' medical charting software infringed the '073 patent.

13.     The allegations of Paragraph 13 are denied, generally.  emsCharts had no knowledge that Golden Hour believed that a combination of Softtech's Flight Vector software and emsCharts' medical charting software infringed the '073 patent.

14.     Denied.  Upon information, Softtech knew of the existence of Golden Hour's '073 patent before entering into the Distributor Agreement with OptiSTAT and entered into the Agreement nonetheless.

15.     emsCharts is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15; therefore, they are denied.

### IV.     Breach of Contract

16.     emsCharts incorporates Paragraphs 3 through 15 into the following answers.

17.     Denied.

18.     Denied.

19.     Denied.

### V.     Fraud by Nondisclosure

20.     emsCharts incorporates Paragraphs 3 through 19 into the following answers.  emsCharts denies the allegations of Paragraph 20.

21.     Denied.

22.     Denied.

23.     Denied.

### VI.     Breach of Fiduciary Duty

24.     emsCharts incorporates Paragraphs 3 through 23 into the following answers.  emsCharts denies the allegations of Paragraph 24.

25.     Denied.

26. Denied.

27. Denied.

### VII. Request for Jury Trial

28. Pursuant to Federal Rule of Civil Procedure 38, emsCharts hereby demands trial by jury as to all issues triable of right by jury.

### AFFIRMATIVE DEFENSES

Further answering the Cross-Claim, emsCharts asserts the following Affirmative Defenses, without assuming the burden of proof when such a burden would otherwise be on Softtech. emsCharts expressly reserves the right to amend its Answer as additional information becomes available and/or is otherwise discovered.

### First Affirmative Defense

emsCharts hereby incorporates all Affirmative Defenses raised in its Amended Answer, Affirmative Defenses and Counterclaims to the Complaint filed by Plaintiff Golden Hour Data Systems, Inc.

### Second Affirmative Defense

emsCharts asserts lack of subject matter jurisdiction as an Affirmative Defense.

### Third Affirmative Defense

emsCharts asserts improper venue as an Affirmative Defense.

### Fourth Affirmative Defense

Softtech failed to state claim for indemnity against emsCharts, as any claim for indemnity has yet to accrue.

**Fifth Affirmative Defense**

emsCharts did not enter into a Distributor Agreement with Softtech on or about November 7, 2005.  Said Distributor Agreement was entered into between Softtech and OptiSTAT, a Delaware Corporation.

**Sixth Affirmative Defense**

Pursuant to Section 6.2 of the Distributor Agreement, the Agreement terminated on or around the date that OptiSTAT ceased doing business.

**Seventh Affirmative Defense**

emsCharts did not materially breach any distributor agreement with Softtech by knowingly or intentionally infringing Golden Hour's '073 patent.  In fact, emsCharts has not infringed on any such patent.

**Eighth Affirmative Defense**

emsCharts did not materially breach any distributor agreement, or other agreement, with Softtech by failing to notify Softtech of any alleged infringement.  emsCharts has not infringed on the '073 patent and was unaware of any such allegations before September 2006 as Softtech has alleged.

**Ninth Affirmative Defense**

emsCharts did not materially breach any distributor agreement, or other agreement, with Softtech by failing to comply with applicable Federal and State laws.  In fact, emsCharts has at all times complied with all applicable Federal and State laws.

**Tenth Affirmative Defense**

emsCharts did not materially breach any distributor agreement, or other agreement with Softtech, by failing to secure appropriate licenses.

### Eleventh Affirmative Defense

emsCharts, at all times, lawfully performed all of its duties pursuant to any and all agreements it may have had with Softtech.

### Twelfth Affirmative Defense

Softtech's claim for fraud by nondisclosure is barred because emsCharts did not knowingly conceal any material information from Softtech.

### Thirteenth Affirmative Defense

Softtech's claim for fraud by nondisclosure is barred because emsCharts did not knowingly conceal any material information from Softtech with the intent to induce Softtech to continue in any distributor agreement or other agreement.

### Fourteenth Affirmative Defense

Golden Hour did not contact emsCharts about the '073 patent alleging that emsCharts software, or any combination of software, infringed on the Golden Hour '073 patent prior to the institution of this lawsuit.

### Fifteenth Affirmative Defense

Upon information, Softtech knew of the existence of Golden Hour's '073 patent before entering into the Distributor Agreement with OptiSTAT and entered into the Agreement nonetheless.

### Sixteenth Affirmative Defense

Softtech has failed to plead fraud by nondisclosure with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

### Seventeenth Affirmative Defense

emsCharts did not owe a fiduciary duty to Softtech by way of any distributor agreement and/or special relationship.

### Eighteenth Affirmative Defense

In the alternative, to the extent that emsCharts owed Softtech a fiduciary by way of a distributor agreement and/or special relationship, emsCharts did not breach such fiduciary duty by any alleged actions or inactions.  emsCharts, at all times, lawfully performed all of its fiduciary duties it may have owed to Softtech.

### Nineteenth Affirmative Defense

emsCharts did not owe duties of candor; loyalty and utmost good faith; to act with integrity of the strictest kind; of fair and honest dealing; and/or of full disclosure to Softtech.

### Twentieth Affirmative Defense

In the alternative, to the extent that emsCharts did owe duties of candor; loyalty and utmost good faith; to act with integrity of the strictest kind; of fair and honest dealing; and/or of full disclosure to Softtech, emsCharts did not breach any such duties by any alleged actions or inactions.  emsCharts, at all times, lawfully performed all of its duties it may have owed to Softtech.

### Twenty-first Affirmative Defense

The damages claimed by Softtech were not caused by any action and/or inaction of emsCharts.

### PRAYER FOR RELIEF

WHEREFORE, emsCharts denies that Softtech is entitled to any relief, as prayed for in the Cross-Claim or otherwise and, accordingly, respectfully prays for entry of a judgment dismissing the Cross-Claim with prejudice and awarding emsCharts its costs and attorneys' fees, and for other such and further relief as may be just and proper.

Dated: February 25, 2008.                    Respectfully submitted,

                                                McKool Smith, P.C.

/s/ Sam Baxter
Sam Baxter
Lead Attorney
State Bar No. 01938000
P.O. Box 0
104 East Houston, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
sbaxter@mckoolsmith.com


M. Jill Bindler
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
*jbindler@mckoolsmith.com*

Of Counsel:
S. Manoj Jegasothy (pro hac vice)
Buchanan Ingersoll & Rooney PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Telecopier: (412) 562-1041
*manoj.jegasothy@bipc.com*

ATTORNEYS FOR DEFENDANT
EMSCHARTS, INC.

## **CERTIFICATE OF SERVICE**

      I, hereby certify that a copy of the foregoing was electronically filed in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who are deemed to have consented to electronic service on February 25, 2008.


                                  /s/  Sam Baxter
                                  Sam Baxter