# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-381-TJW |
| | ) | |
| EMSCHARTS, INC., and | ) | Honorable T. John Ward |
| SOFTTECH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EMSCHARTS, INC.'S RESPONSE
## BRIEF ON CLAIM CONSTRUCTION

## TABLE OF CONTENTS

I.   OVERVIEW ............................................................................................................... 1

II.   CONSTRUCTION OF CLAIM LIMITATIONS .............................................................. 2

A. The phrase "integrated" must be construed to properly interpret the '073 patent ............... 2

1.  "Integrated" is relied on in the specification to differentiate the '073 patent from the prior art at the time of the invention ........................................................................ 3

2.  "Integrated" was relied on during the prosecution of the '073 patent to differentiate the '073 patent from the prior art cited by the U.S. Patent and Trademark Office .......... 3

3.  The phrase "integrated" must be construed to preserve the patentability of the claims . 4

B. Construction of the term "integrated" ................................................................................ 5

C. The term "recorded" should be given it plain and ordinary meaning ................................ 9

III.   CONCLUSION ......................................................................................................... 9

Dallas 252858v2

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*,
    334 F.3d 1294, 67 U.S.P.Q. 2d 1132 (Fed. Cir. 2003) ......................................................6

*Catalina Mktg. Int'l. Inc. v. Coolsavings.com, Inc.*,
    289 F.3d 801 (Fed. Cir. 2002)..........................................................................................2

*In re Cruciferous Sprout Litigation*,
    301 F.3d 1343, 64 U.S.P.Q. 2d 1202 (Fed Cir. 2002) ......................................................2

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001)..........................................................................................9

*Kartsen Manufacturing Corp. v. Cleveland Golf Co.*,
    242 F.3d 1376, 58 U.S.P.Q. 2d 1286 (Fed. Cir. 2001) ......................................................4

*Mantech Environmental Corp. v. Hudson Environmental Services, Inc.*,
    152 F.3d 1368 (Fed. Cir. 1998)..........................................................................................9

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005)..........................................................................................2

*Phillips v. AWH Corp.*,
    415 F.3d 1303, 75 U.S.P.Q. 2d 1321 (Fed. Cir. 2005) ......................................................6

*Poly-America, L.P. v. GSE Lining Tech., Inc.*,
    383 F.3d 1303 (Fed. Cir. 2004)..........................................................................................2

*Renishaw PLC v. Marposs Societa" per Azioni*,
    158 F.3d 1243, 48 U.S.P.Q. 2d 1117 (Fed. Cir. 1998) ......................................................6

*Specialty Composites v. Cabot Corp.*,
    845 F.2d 981 (Fed. Cir. 1988)..........................................................................................9

*Teleflex Inc. v. Ficosa North America Corp.*,
    299 F.3d 1313 (Fed. Cir. 2002)..........................................................................................9

*Varco L.P. v. Parson Systems USA Corp.*,
    436 F.3d 1368 (Fed. Cir. 2006)..........................................................................................9

**MISCELLANEOUS**

American Heritage® Dictionary of the English Language, (4th ed. 2000) ................................6, 7

Random House Unabridged Dictionary (2006) ............................................................................6

Defendant, emsCharts, Inc. ("emsCharts" or "Defendant"), by and through its undersigned counsel, respectfully submits this Response Brief on Claim Construction in anticipation of the Claim Construction hearing to begin on April 9, 2008 at 9:00am.

## I.   <u>OVERVIEW</u>

In an effort to reduce the number of terms to be construed by the Court and to streamline these proceedings, Defendant adopts many of Plaintiff, Golden Hour Data Systems, Inc.'s ("Golden Hour" or "Plaintiff") proposed claim term constructions.  There remains, however, one substantial, indeed, critical term in dispute – the interpretation of the term "integrated" or "integrating" that appears in each of the asserted independent claims as proposed by Defendant in the Joint Claim Construction and Prehearing Statement (Document 64), but not addressed in Plaintiff's claim construction of U.S. Patent No. 6,117,073 (the "'073 patent"), attached hereto as Ex. 1.  The '073 patent discloses and the prosecution history confirms that, "A computerized integrated data management system" (the preamble of claims 1 and 10) or "integrating the patient information with the flight information" (the last element in the body of claim 15) was the primary, if not the only, improvement provided by the claimed invention, and that the Plaintiff relied on the notion of an "integrated" system to distinguish the claimed invention from the prior art cited during prosecution of the patent.

The inventors of the '073 patent do not claim to have invented the various modules recited in the claimed invention (dispatch, clinical, administrative and billing), and do not claim to have invented the database software that makes it possible to seamlessly integrate these various modules to function as a single, comprehensive system.  What they do claim is to have been the first to "integrate" these particular modules in the field of air medical transport and thus "solve" the problem of having to enter redundant information in each of the modules separately.

(Ex. 1, '073 patent, col. 1, ln. 1 to col. 2, ln. 3).  This is reflected in the title of the '073 patent, which reads: "Integrated Emergency Medical Transportation Database System", and also in the very first sentence of the '073 patent, which reads: "This invention relates to an integrated medical database system."  (Ex. 1, '073 patent, col. 1, lns. 7-8).

Thus, an interpretation of the term "integrated" is necessary to properly construe the independent claims of the '073 patent.

## II.     CONSTRUCTION OF CLAIM LIMITATIONS

### A.     The phrase "integrated" must be construed to properly interpret the '073 patent

As noted above, the term "integrated" is included in the preamble of independent claims 1 and 10.  Here, considering the role given an integrated system by the patent applicants in distinguishing their invention from the prior art, the preamble of claims 1 and 10 limits the scope of these claims.  "[A] preamble generally limits the claimed invention if it 'recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim.'"  *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1305 (Fed. Cir. 2005) *(citing Catalina Mktg. Int'l. Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002)).  For instance, in *Poly-America, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1309-10 (Fed. Cir. 2004), the court found that a term ("blown-film") recited in a preamble was limiting because the patentee's specification described the term as a fundamental characteristic of the invention.  Additionally, in *In re Cruciferous Sprout Litigation,* 301 F.3d 1343, 1347-48, 64 USPQ2d 1202 (Fed Cir. 2002), the court held that a phrase in the preamble was limiting because the patentee relied on the preamble to distinguish the prior art during prosecution.

As detailed below, the Plaintiff here relied on the term "integrated" or "integrating" both in the specification and during the prosecution history of the '073 patent to distinguish the

claimed invention from the prior art and, therefore, the scope of the independent claims 1, 10 and

15 should be limited based on the meaning of this term.[1]

### 1.      "Integrated" is relied on in the specification to differentiate the '073 patent from the prior art at the time of the invention

The term "integrated" was identified by the Plaintiff as a primary improvement offered by

the invention and identified in the specification as a differentiating feature over prior art systems.

For instance, the background of the '073 patent states, *inter alia*:

> Although others have attempted to remedy this conflict, no <u>fully integrated</u> medical systems have been developed.  For example, the Air Medical Software (Innovative Engineering of Lebanon, N.H.) provides computer software for dispatching emergency crews to accident scenes and managing flight information. However, it does not provide <u>comprehensive integration</u> of the flight information with a clinical diagnosis, billing system and administration system.
> .  .  .
> Therefore, what is needed is a <u>comprehensive system</u> that includes modules for dispatching emergency medical teams, tracking their movement to and from the accident scene, managing a clinical diagnosis and treatment and accurately billing the patient for the services rendered.

(Ex. 1, '073 patent, col. 1, ln. 50 to col. 2, ln. 3) (*emphasis added*).

The Plaintiff here thus argued that prior art systems that combined or utilized data

management elements, such as dispatching crews and managing flight information, were not

"fully integrated" systems, and that the invention allegedly overcame this deficiency of the prior

art by supplying a "fully integrated" system.  As such, the claim term "integrated" must be

considered and interpreted to define the scope of the claimed invention.

### 2.      "Integrated" was relied on during the prosecution of the '073 patent to differentiate the '073 patent from the prior art cited by the U.S. Patent and Trademark Office

---

[1]    In independent claim 15, the phrase "integrating the patient information with the flight information to produce an encounter record" appears as a positive element of the claim.

The term "integrate" was also relied upon by the patent applicants during the prosecution of the '073 patent to distinguish the claimed invention from the prior art.  In particular, the Plaintiff here argued that the prior art (namely, U.S. Patent No. 5,619,991 to *Sloan et al*.), which was applied by the U.S. Patent and Trademark Office ("USPTO") in rejecting the originally presented claims of the '073 patent application, "says nothing with regard to collecting, managing, and <u>integrating</u> the data which is actually collected by the ambulance service in the field."  (Ex. 2, Amendment, dated April 18, 1999, pg. 3) *(emphasis added)*.  In light of this reliance upon how the parts of the system claimed in the '073 are <u>integrated</u>, this term must be considered when interpreting the claims of the '073 patent.

### 3.    The phrase "integrated" must be construed to preserve the <u>patentability of the claims</u>

When claims can be interpreted with more than one construction, they should be construed to preserve their patentability.  *Kartsen Manufacturing Corp. v. Cleveland Golf Co*., 242 F.3d 1376, 58 USPQ2d 1286 (Fed. Cir. 2001).  Here, absent a construction in this litigation of the term "integrated", any interpretation of the claims of the '073 patent would be incomplete and any subsequent finding that the claims are invalid in view of the prior art would likely be subject to reversal.

The specification of the '073 patent admits the prior art system already included certain functions and modules of the claimed invention.  (Ex. 1, '073 patent, col. 1, ln. 10 to col. 2, ln. 3).  For instance, Plaintiff has admitted that the Air Medical Systems ("AMS") system discussed in the background section of the '073 patent provided for dispatching, tracking of flight information, and billing.  (Ex. 1, '073 patent, col. 1, lns. 50-57).  Moreover, to distinguish over the *Sloan et al*. patent cited by the USPTO during prosecution of the '073 patent, the Plaintiff

argued that the *Sloane et al*. patent did not teach an integrated system.  (Ex. 2, Amendment, dated April 18, 1999, pg. 3).

Thus, without reliance on the meaning of the term "integrated," the claims of the '073 patent would not have been found by the USPTO to be patentable over the prior art admitted by the Plaintiff.  Accordingly, the claims of the '073 patent must be construed in light of the term "integrated" to preserve the patentability arguments advocated by the patent applicants in their specification and during their application's prosecution history.

**B.**     **Construction of the term "integrated"**

Independent claim 1 of the '073 patent recites, *inter alia*: "A computerized <u>integrated</u> data management system" comprising "<u>a first module</u> capable of dispatching" and "<u>a second module</u> capable of receiving information from the first module and billing the patient appropriately . . .".  Similarly, independent claim 10 of the '073 patent recites, inter alia: "A computerized <u>integrated</u> data management system" comprising "<u>a first module</u> capable of interpreting data relating to the medical condition of a patient" and "<u>a second module</u> capable of receiving information from the first module and billing the patient appropriately . . .".  The term "integrated" is not specifically defined in the '073 patent or its file history.  Defendant has argued that the phrase "integrated data management" means "uses a common format with a common language and a common server for all modules and functions."  See Joint Claim Construction and Prehearing Statement, filed with this Court on February 15, 2008 (Docket No. 64).  The key term in this phrase obviously being the term "integrated".  Plaintiff did not attempt to interpret this term and the term is not defined in the specification of the '073 patent.

"In the absence of an express intent to impart a novel meaning to the claim terms, the words are presumed to take on the ordinary and customary meanings attributed to them by those of ordinary skill in the art."  *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 334 F.3d 1294,

1298, 67 USPQ2d 1132, 1136 (Fed. Cir. 2003).   "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313, 75 USPQ2d 1321, 1326 (Fed. Cir. 2005) (en banc). The ordinary and customary meaning of a term may be evidenced by a variety of sources, including "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Phillips*, 415 F.3d at 1314, 75 USPQ2d at 1327. "Where there are several common meanings for a claim term, the patent disclosure serves to point away from the improper meanings and toward the proper meanings." *Renishaw PLC v. Marposs Societa" per Azioni,* 158 F.3d 1243, 1250, 48 USPQ2d 1117, 1122 (Fed. Cir. 1998).

The dictionary definitions of "integrated" include "[t]o bring together or incorporate (parts) into a whole," Random House Unabridged Dictionary (2006) (Ex. 3); and "[t]o make into a whole by bringing all parts together; unify," American Heritage® Dictionary of the English Language, (4th Ed. 2000) (Ex. 4), retrieved from Web Site: http://dictionary.reference.com-/browse/integrate.   Accordingly, the "modules" comprising the claimed "integrated" data management system should be construed to be part of a unified whole, instead of, for instance, simply being "connected" or "interfaced."

"Connected" means "joined or fastened together," "related by family," or "logically or intelligibly ordered or presented; coherent."   American Heritage® Dictionary of the English Language, (4th Ed. 2000) (Ex. 5), retrieved from http://www.answers.com/topic/connected. "Interface" means "a point at which independent systems or diverse groups interact."   American Heritage® Dictionary of the English Language, (4th Ed. 2000) (Ex. 6), retrieved from

Dallas 252858v2

http://www.answers.com/topic/interface.    Because the claimed "data management system" is "integrated," the system is unified into whole and, therefore, has a greater degree of interdependence than those that are merely "connected" or "interfaced."

In terms of the '073 patent's disclosure, in order to be "integrated," the parts must share common data formats, a common language, and a common processor.    (Ex. 1, '073 patent, Figs. 1 and 3; col. 11, lns. 9-26).    For instance, Fig. 1 of the '073 patent shows dispatch 20, clinical and diagnosis 30, administration 30, and billing 36 modules being in different units operated by different users.    These units share data through a common server 12.    The recorded data is apparently received by server 12, stored in database 14 and 15, and made available to other ones of modules 20, 30, 36, and 40.

As noted above, the specification of the '073 patent alleges that the claimed invention improves over prior art systems because the prior art systems are not <u>fully integrated systems</u>. (Ex. 1, '073 patent, col. 1, lns. 50-57).    Indeed, pointing toward the prior art Air Medical Software system, the '073 patent states that "it does not proved <u>comprehensive integration</u> of the flight information with a clinical diagnosis, billing system and administration system.    . . . Therefore, what is needed is a <u>comprehensive system</u> that includes modules for dispatching emergency medical teams, tracking their movement to and from the accident scene, managing a clinical diagnosis and treatment and accurately billing the patient for the services rendered." (Ex. 1, '073 patent, col. 1, ln. 50 to col. 2, ln. 3) (*emphasis added*).    Accordingly,  in order for a proper construction of the claims, the phrase "integrated data management" as used in independent claims 1 and 10 should be construed such that the modules (20, 30, 36 and 40) recited in those claims are integrated and have common data formats, languages and processing such that they form parts of a unified whole.

7

Independent claim 15 recites a computerized method of generating a patent encounter record which includes the steps of "collecting flight information", "collecting patient information", and "integrating the patient information with the flight information to produce a patient encounter record . . .".  Defendant has proposed that the phrase "integrating the patient information" means "collecting all information related to a patient incident in a common database."  Defendant's construction of this phrase is consistent with the definition of "integrated" as set forth above.

Additionally, while independent claim 15 recites "A computerized method of generating a patient encounter record . . .", in order for the claim to be interpreted in light of the '073 patent specification, its prosecution history, and to preserve patentability, the modules utilized to perform the recited method must be "integrated" in terms of "using a common format with a common language and a common server for all modules and functions."  The inventors of the '073 patent do not claim to have invented either the "dispatch module" used to "collect the flight information" or the "clinical module" used to "collect the patient information."  In terms of the '073 patent's disclosure, the modules used to perform the computerized collecting steps must be "integrated" in terms of sharing common data formats, a common language, and a common processor.  (Ex. 1, '073 patent, Figs. 1 and 3; col. 11, lns. 9-26).  Such a construction is necessary to preserve the patentability of claim 15, since without reliance on the meaning of the term "integrated", the claims of the '073 patent would not have been found by the USPTO to be patentable over the prior art admitted by the patent applicants.

C.     <u>The term "recorded" should be given it plain and ordinary meaning</u>

Plaintiff's proposed construction of the term "recorded" impermissibly adds a limitation to the claim that data is <u>automatically</u> stored.   Numerous Federal Circuit decisions have held that the claims are not limited to the preferred embodiment shown in the drawings and courts are not to add limitations to claims.  *See*, *e.g.*, *Varco L.P. v. Parson Systems USA Corp.*, 436 F.3d 1368, 1375-76 (Fed. Cir. 2006); *Teleflex Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1328 (Fed. Cir. 2002); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1340-43 (Fed. Cir. 2001); *Mantech Environmental Corp. v. Hudson Environmental Services, Inc.*, 152 F.3d 1368, 1373-75 (Fed. Cir. 1998); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 988 (Fed. Cir. 1988).  Although the preferred embodiments in the specification of the '073 patent disclose automatic recording data, it would be impermissible to read the word "automatic" into the claims.  Accordingly, the term "recorded" should simply be given it plain and ordinary meaning.

Further reinforcing Defendant's proposed interpretation of this term is the fact that where Plaintiff has desired that a step be performed "automatically", it has included such a qualifier in the claim.  For instance, dependant claim 24 further limits the "collecting" step recited in claim 23 by stating: "wherein the collecting step includes automatically collecting . . . ".  Thus, the term "recorded" should simply be given it plain and ordinary meaning and "automatically" should not be read into any such definition.

III.    <u>CONCLUSION</u>

The terms "integrated" or "integrating" are essential to an understanding of the claimed invention.  They were used by the patent applicants in the patent specification and the prosecution history of the '073 patent to distinguish the claimed invention from the prior art.  For the reasons articulated above, the Court should adopt the Defendant's proposed claim

constructions for this critical claim limitation.  Further, the Court ought not limit "recorded" to

mean "automatically recorded."


Dated:  March 10, 2008.                          Respectfully submitted,

                                                 McKool Smith, P.C.
                                                 By:/s/ Sam Baxter
                                                 Sam Baxter
                                                 Lead Attorney
                                                 State Bar No. 01938000
                                                 P.O. Box 0
                                                 104 East Houston, Suite 300
                                                 Marshall, TX 75670
                                                 Telephone: (903) 923-9000
                                                 Facsimile: (903) 923-9099
                                                 sbaxter@mckoolsmith.com

                                                 M. Jill Bindler
                                                 McKool Smith P.C.
                                                 300 Crescent Court, Suite 1500
                                                 Dallas, Texas 75201
                                                 Telephone: (214) 978-4000
                                                 Telecopier: (214) 978-4044
                                                 jbindler@mckoolsmith.com

                                                 Of Counsel:
                                                 S. Manoj Jegasothy (pro hac vice)
                                                 Buchanan Ingersoll & Rooney PC
                                                 301 Grant Street , 20th Floor
                                                 Pittsburgh, PA 15219-1410
                                                 Telephone: (412) 562-8800
                                                 Telecopier: (412) 562-1041
                                                 manoj.jegasothy@bipc.com
                                                 ATTORNEYS FOR DEFENDANT
                                                 EMSCHARTS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was electronically filed in compliance with Local Rule CV-5(a).  As such, this pleading was served on all counsel who are deemed to have consented to electronic service on March 10, 2008.

/s/ Sam Baxter_____ _____
Sam Baxter

11