# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC. a California corporation, Plaintiff, v. EMSCHARTS, INC., a Pennsylvania corporation, and SOFTTECH, LLC, an Oregon limited liability company, Defendants. | CIVIL ACTION NO. 2:06-CV-381-TJW JURY TRIAL DEMANDED<br><br>JUDGE T. JOHN WARD |
| AND RELATED COUNTERCLAIMS | |

**DEFENDANT EMSCHARTS, INC.'S UNOPPOSED
MOTION FOR LEAVE TO AMEND ITS P.R. 3-3 INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

I. SUMMARY OF RELIEF SOUGHT ................................................................... 1

II. BACKGROUND FACTS ................................................................................... 2

III. ARGUMENT ....................................................................................................... 3

    A. EmsCharts Diligently Searched for Prior Art. ......................................... 4

    B. The information sought was made known to Golden Hour through the sister litigation .................................................................................................. 4

    C. After the need to supplement became apparent, emsCharts promptly sought to supplement its Invalidity contentions. ............................................... 4

    D. The Additional Prior Art Reference is Relevant and emsCharts would be deprived of a meritorious defense if it were excluded. ........................... 5

    E. Golden Hour Would Not Be Unfairly Prejudiced by the Inclusion of the Additional Prior Art Reference. ............................................................... 5

    F. This amendment will not cause any delay to the judicial proceedings. ... 6

IV. CONCLUSION .................................................................................................... 6

V. RELIEF REQUESTED ....................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*,
  Civil Action No. C06-07477-SI (N.D. Calif. 2006) ....................................................................1

*Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*,
  Civil Action No. C06-07477-SI at Docket Nos. 40-43..............................................................2

*Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*,
  Civil Action No. C06-07477-SI Docket No. 41, Ex 3 (N.D. Calif. 2006)................................5

*Nestier Corp. v. Menasha Corp.-Lewisystems Div.*,
  739 F.2d 1576 (Fed. Cir. 1984)..................................................................................................5

*S&W Enters., LLC, v. Southtrust Bank of Alabama*,
  315 F.3d 533 (5th. Cir. 2003) ....................................................................................................3

**OTHER AUTHORITIES**

Local Rule CV-5(a).............................................................................................................................8

Local Rule CV-5(a)(3)(A) ..................................................................................................................8

Local Rule CV-7(h) ............................................................................................................................8

Comes now, the Defendant, emsCharts, Inc., by and through its attorneys, and files this Unopposed Motion for Leave to Amend Under P.R. 3-6 Its P.R. 3-3 Invalidity Contentions, and in support thereof avers as follows:

## I. SUMMARY OF RELIEF SOUGHT

Counsel for Golden Hour does not oppose emsCharts, Inc.'s ("emsCharts") request to amend its Invalidity Contentions to include the article, "A Relational Model of Data for Large Shared Databanks" ("the Codd article.")[1] The Codd article was originally produced in the concurrent, sister patent infringement case filed in the Northern District of California by Golden Hour.[2]

Pursuant to the March 19, 2008 Order signed by this District regarding the "Meet and Confer" requirements, Counsel for Defendant emsCharts conferred with counsel for Plaintiff Golden Hour Data Systems, Inc. ("Golden Hour") in an effort to agree to these supplements to emsCharts's Invalidity Contentions and Answer.[3] Following the initial meet and confer, counsel for Golden Hour agreed to allow emsCharts to amend its Invalidity Contentions to include this prior art reference.

Based on the foregoing, emsCharts requests leave to amend its Invalidity Contentions with the Codd article. *See* emsCharts, Inc.'s [Proposed] Amended Invalidity Contentions attached hereto as Exhibit A.

---

[1] By separate motion emsCharts seeks leave to supplement its Invalidity Contentions with additional prior art recently identified by Charles Freeman d/b/a Innovative Engineering which he produced in response to his subpoena for documents and deposition testimony and informal requests. These supplemental documents relate to AeroMed Software, a software which was identified as prior art in emsCharts' Invalidity Contentions, which were served August 27, 2007. In the separate opposed motion, emsCharts also seeks to supplement its Invalidity Contentions with U.S. Patent Number 5,228,450 ("the '450 patent").
[2] *Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*, Civil Action No. C06-07477-SI (N.D. Calif. 2006) ("sister litigation" or "HSI litigation").
[3] Also filed this date is as emsCharts, Inc.'s Unopposed Motion for Leave to Amend Its Invalidity It's P.R. 3-3 Contentions .

1

## II.     BACKGROUND FACTS

Golden Hour brought this patent infringement action against emsCharts on September 19, 2006.  (Docket No.1). emsCharts answered and counter-claimed on November 12, 2006. (Docket No. 12).  On June 7, 2007, Golden Hour served its P.R. 3-1 Preliminary Infringement Contentions. From the inception of this case, emsCharts, Inc. ("emsCharts"), continuously and diligently searched for and analyzed prior art relevant to U.S. Patent No. 6,117,073, (the "patent-in-suit") or ("the '073 patent").  Based on the findings of its search, emsCharts served its Invalidity Contentions on August 27, 2007, identifying numerous prior art references then known to it.  *See* emsCharts, Inc.'s Preliminary Invalidity Contentions attached hereto as Exhibit B.  Shortly thereafter, emsCharts learned of the sister litigation filed in the Northern District of California.   The sister litigation also includes allegations of patent invalidity regarding the same patent at issue in this lawsuit. *See* Complaint for Infringement of U.S. Patent No. 6,117,073 attached hereto as Exhibit C.  While tracking this litigation, emsCharts learned that additional prior art existed, including the Codd article.  The Codd article and the additional documents which Golden Hour continues to object to emsCharts' using to supplement its Invalidity Contentions were include in HSI's Motion for summary judgment based upon invalidity, and later in HSI's motion for leave to amend its invalidity contentions and answer. *See Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*, Civil Action No. C06-07477-SI at Docket Nos. 40-43, 56-61, 68-70.

From the inception of this case, emsCharts, Inc. ("emsCharts"), has continuously and diligently searched for and analyzed prior art relevant to the patent-in-suit.  Specifically, emsCharts has monitored the sister case and relied upon events in that case in an effort to streamline proceedings in this case.  emsCharts' discovery of this additional prior art during the pendency of this action, Golden Hour's willingness to allow emsCharts to amend its Invalidity

Contentions to include this reference, the materiality of the reference, and the lack of any prejudice to Plaintiff together establish "good cause" under P.R. 3-6(b) for emsCharts to amend its Invalidity Contentions.  Golden Hour has long been aware of the Codd article and its application to the patent-in-suit.  Finally, Golden Hour had agreed to allow emsCharts to amend its Invalidity Contentions to include this reference.  Based on the foregoing, this motion should be granted.

### III.  ARGUMENT

emsCharts' Motion to Amend its P.R. 3-3 Invalidity Contentions is based on P.R. 3-6(b)'s "good cause" basis for amendment.  The Patent Local Rules exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases.  As stated below, emsCharts' Motion should be granted because:

1. emsCharts diligently searched for prior art.

2. The information sought to be included was known to Golden Hour.

3. After the need to disclose the additional matters became apparent, emsCharts promptly sought to supplement its Invalidity Contentions.

4. The information that emsCharts seeks to add is material and emsCharts would be deprived of a meritorious defense were it excluded.

5. Golden Hour will not be prejudiced by the addition of the reference to the case.  *See S&W Enters., LLC, v. Southtrust Bank of Alabama,* 315 F.3d 533, 535 (5th. Cir. 2003) (discussing factors used to analyze a Motion to Amend for "good cause").

6. The amendment will not cause any delay to the judicial proceedings. emsCharts, thus, has good cause justifying an amendment to its P.R. 3-3 Invalidity Contentions.

3

### A.   EMSCHARTS DILIGENTLY SEARCHED FOR PRIOR ART.

emsCharts had not yet discovered the reference it now seeks to include at the time it served its Invalidity Contentions, despite diligent searching. Plaintiff in this case, Golden Hour controlled when it would file suit, which claims to assert in this lawsuit, and which, if any, patents to assert.  emsCharts had just over seven weeks from the date of Golden Hour's P.R. 3-1 Infringement Contentions to identify and locate prior art for purposes of its P.R. 3-3 Invalidity Contentions. Throughout that seven week period, emsCharts researched various patents and products, reviewed numerous articles and manuals, and based its Invalidity Contention on the results of that search.

### B.   THE INFORMATION SOUGHT WAS MADE KNOWN TO GOLDEN HOUR THROUGH THE SISTER LITIGATION

The Codd article was one reference that was the subject of various motions in the sister action, including HSI's motion for summary judgment as well as HSI's motion for leave to amend it invalidity contentions and answer.  *See Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*, Civil Action No. C06-07477-SI at Docket Nos. 40-43, 56-61, 68-70.

### C.   AFTER THE NEED TO SUPPLEMENT BECAME APPARENT, EMSCHARTS PROMPTLY SOUGHT TO SUPPLEMENT ITS INVALIDITY CONTENTIONS.

As stated above, emsCharts filed its Invalidity Contentions on August 27, 2007. However, emsCharts remained diligent in its efforts.  Upon learning of the Codd article, the other references which are the subject of the opposed motion to amend emsCharts' Invalidity Contentions Invalidity Contentions and Golden Hour's position regarding theses materials, the parties began discussions regarding the amendments filed this date.

### D. THE ADDITIONAL PRIOR ART REFERENCE IS RELEVANT AND EMSCHARTS WOULD BE DEPRIVED OF A MERITORIOUS DEFENSE IF IT WERE EXCLUDED.

emsCharts believes that this supplementation is highly relevant and significant to the ability to successfully defend against Golden Hour's patent infringement claim.  It is one of the references HSI was allowed by the court to amend its invalidity contention to include in the sister litigation, *Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*, Civil Action No. C06-07477-SI (N.D. Calif. 2006).  *See* Order Granting Defendant's Leave to Amend Answer and Preliminary Invalidity Contentions attached hereto as Exhibit D.  Based on this, emsCharts would be denied a meritorious defense and thus substantially prejudiced if the Court denied it the opportunity to present this prior art reference.  Moreover, granting emsCharts' Motion for Leave to add this article to its Invalidity Contentions serves the strong public interest in eliminating invalid patents.  *Nestier Corp. v. Menasha Corp.-Lewisystems Div.,* 739 F.2d 1576, 1581 (Fed. Cir. 1984) ("There is a stronger public interest in the elimination of invalid patents than in the affirmation of a patent as valid.").

### E. GOLDEN HOUR WOULD NOT BE UNFAIRLY PREJUDICED BY THE INCLUSION OF THE ADDITIONAL PRIOR ART REFERENCE.

Golden Hour would not be unfairly prejudiced by the addition of the new prior art reference.  The "official" addition of the Codd article causes Golden Hour no undue surprise or hardship.  Golden Hour has been aware of this prior art reference since at least February 28, 2008 when HSI filed its Motion for Summary Judgment of Invalidity in the sister litigation.[4]

Golden Hour has had a full and fair opportunity to conduct discovery regarding this prior art through interrogatories, depositions of the parties, third party subpoenas and depositions.

---

[4] See *Golden Hour Data Systems, Inc. v. Health Services Integrations, Inc.*, Civil Action No. C06-07477-SI Docket No. 41, Ex 3 (N.D. Calif. 2006)

### F.   THIS AMENDMENT WILL NOT CAUSE ANY DELAY TO THE JUDICIAL PROCEEDINGS.

Allowing emsCharts to supplement its Invalidity Contentions will not cause delay to these judicial proceedings. As stated above, Golden Hour has long been aware of this document. All parties have had ample time to conduct any necessary discovery regarding this document. Thus, this amendment should not delay these proceedings.

## IV.   CONCLUSION

This court should allow emsCharts leave to supplement its Invalidity Contentions. emsCharts diligently searched for prior art. After the need to disclose the additional matters became apparent, emsCharts promptly sought to supplement its Invalidity Contentions. The information that emsCharts seeks to add is relevant, and emsCharts would be deprived of a meritorious defense were it excluded. Golden Hour will not be prejudiced by the addition of the references to the case. The amendment will not cause any delay to the judicial proceedings.

## V.   RELIEF REQUESTED

Good cause exists to allow emsCharts leave to amend its P.R. 3-3 Invalidity Contentions to include the additional prior art referenced herein. Therefore, for the reasons stated, emsCharts respectfully requests that the Court enter an Order granting emsCharts' Motion for Leave to Amend Its P.R. 3-3 Invalidity Contentions.

Date:  August 7, 2008                             Respectfully submitted,

                                                                  MCKOOL SMITH, P.C

By:/s/Sam Baxter
    Sam Baxter, Lead Attorney
    State Bar No. 01938000
    P.O. Box 0
    104 East Houston, Suite 300
    Marshall, TX 75670
    Telephone: (903) 923-9000
    Facsimile: (903) 923-9099
    sbaxter@mckoolsmith.com

    M. Jill Bindler
    jbindler@mckoolsmith.com
    McKool Smith P.C.
    300 Crescent Court, Suite 1500
    Dallas, Texas 75201
    Telephone: (214) 978-4000
    Telecopier: (214) 978-4044
    **ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT EMSCHARTS, INC.**

Of Counsel:
S. Manoj Jegasothy
Eric Weisblatt
Buchanan Ingersoll & Rooney PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Telecopier: (412) 562-1041
manoj.jegasothy@bipc.com
eric.weisblatt@bjpc.com

## CERTIFICATE OF CONFERENCE

Pursuant to the Court's March 19, 2008 regarding Meet and Confer requirements and Local Rule CV-7(h), the parties held a telephone conferences regarding the matters at issue in this Motion. On Friday, June 20, 2008 the parties initially conferred regarding the Motion, as well as other issues. Participating for Golden Hour were Fred Berretta, Phillip Bennett and Elizabeth DeRieux. Participating for emsCharts were Sam Baxter, Jill Bindler and Eric Weisblatt. emsCharts initially sought to amend to include only the Codd Article and U.S. Patent No. 5,228,450. Golden Hour stated on the call that it might be willing to allow emsCharts to amend its invalidity contentions as to the Codd Article, but would like a short amount of time to think about it, as well as the '450 patent. On Friday, June 27, 2008, Phillip Bennett emailed counsel for emsCharts and confirmed that Golden Hour was willing to allow emsCharts to amend its invalidity contentions as to the Codd Article, but was unwilling to agree to allow an amendment as to the '450 patent at that time.

/s/ M. Jill Bindler
M. Jill Bindler

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 7, 2008. As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ M. Jill Bindler
M. Jill Bindler