**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-381 (TJW) |
| | § | |
| emsCHARTS, INC. and | § | |
| SOFTECH, LLC. | § | |
|     Defendants. | § | |

## ORDER

Before the court are Defendant emsCharts, Inc.'s Motions for Leave to Amend its Invalidity Contentions (Dkt. Nos. 85 and 96) and Motion for Leave to Take Certain Third-Party and Plaintiff's Employee Depositions After the Close of Discovery (Dkt. No. 88) ("the Motions"). The Motions are DENIED.

The defendant seeks leave to supplement its Invalidity Contentions with additional prior art it apparently just recently became aware of. The supplemental documents relate to software which was identified as prior art in the defendant's Invalidity Contentions, United States Patent 5,228,450, and an article entitled "A Relational Model of Data for Large Shared Databanks." The defendant argues it first became aware of these documents out of suit in the Northern District of California on the same patent as the one asserted in this suit. The defendant claims to have become aware of the documents in March of 2008. The defendant contends that it made a diligent search prior to serving the plaintiff with its invalidity contentions.

Local Patent Rule 3-6(b) provides that amendment or supplementation of Invalidity Contentions may be made "only upon a showing of good cause." The defendant has failed to show good cause why it did not identify the documents it seeks to add before filing its Invalidity

Contentions. Second, the defendant has no excuse for waiting five months after "discovering" these documents to seek leave to amend its Invalidity Contentions. The plaintiff would be prejudiced if the defendant was allowed to add these materials at this late stage of the litigation. The trial is set for November 2008, and discovery is closed. Adding these materials would surely require additional discovery.

The defendant also seeks leave to take additional depositions after the close of discovery. The defendant claims not to have known the import of the parties it now seeks to depose, or to not have had the opportunity to depose them. The plaintiff's employees the defendant now seeks to depose were on the plaintiff's initial disclosures. Two of the third-party witnesses the defendant seeks to depose are its own customers about whom it has known at least since the start of this case. Another, Charles Freeman, was identified as a person having knowledge in the defendant's own Rule 26 disclosures. The defendant has not shown good cause why it failed to take these depositions during the almost two years of discovery in this case. At this late stage in litigation it would unduly prejudice the plaintiff to allow the requested depositions.

Accordingly, the defendant's Motions are DENIED.

SIGNED this 29th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE