**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:06-CV 381 TJW |
| | § | |
| emsCHARTS, INC, and SOFTTECH, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT emsCHARTS, INC.'S MOTION FOR JUDGMENT
AS A MATTER OF LAW**

**I.      INTRODUCTION**

Defendant emsCharts, Inc. (hereafter "emsCharts") moves this Court, pursuant to *Federal Rule Civil Procedure 50(a)* for Judgment as a Matter of Law that it does not infringe any claim of U.S. Patent No. 6,117,073 (hereafter the "'073 patent") and that plaintiffs are therefore not entitled to damages. The Court "may render judgment as a matter of law where 'the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on . . . [an] issue.'" *Palasota v. Haggar Clothing Co.,* 499 F.3d 474, 480 (5ᵗʰ Cir. 2007) *(citing Fed. R. Civ. P. 50(a)).* "In entertaining a *Rule 50* motion for judgment as a matter of law the court must review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make determinations or weigh the evidence." *Palasota, 499 F.3d. at 480.* When the Court draws all reasonable inferences in favor of Plaintiff's Golden Hour Data Systems, Inc. (hereafter Golden Hour), it will still find that a reasonable jury would not have a legally sufficient evidentiary basis to find that Defendant emsCharts has infringed any asserted claim of the '073 by any of the

1

theories set forth by Golden Hour.  It will also find that Golden Hour has not provided a sufficient

legal evidentiary basis to support an award of damages in this case.  Therefore, emsCharts moves

this Court for Judgment as a matter of law that it does not infringe any asserted claim of the '073

patent and that Golden Hour is therefore not entitled to damages.

**II.      Motion for Judgment That emsCharts and Softtech Do Not Jointly Infringe Claims
1, 6-8, and 15-22 of U.S. Patent No. 6,117,073 as a Matter of Law.**

Defendant emsCharts moves this Court for Judgment as a matter of law that emsCharts

and Softtech do not jointly infringe claims 1, 6-8, and 15-22 of U.S. Patent No. 6,117,073 ("the

'073 patent").

Claims 1 and 6-8 of the '073 patent are directed to an integrated data management system

for tracking a patient incident that comprises a first module that dispatches an emergency

medical transport crew to a patient incident requiring emergency medical care and a second

module that is capable of receiving information from the first module and billing the patient

appropriately.  Golden Hour has failed to show by a preponderance of the evidence that

emsCharts and Softtech jointly infringe claims 1 and 6-8.  "[W]here the actions of multiple

parties combine to perform every step of a claimed method, the claim is directly infringed only if

one party exercises <u>control or direction</u> over the entire process such that every step is attributable

to the controlling party, i.e., the <u>mastermind</u>."  *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d

1318, 1329 (Fed. Cir. 2008) (citing *BMC Resources Inc. v. Paymentech, L.P.*, 498 F.3d 1373,

1380-81 (Fed. Cir. 2008)) (emphasis added).  The phrase "control or direction" recited in *BMC*

originates from the law of agency where a party can be held legally responsible for the actions of

others in circumstances where the responsible (liable) party controls or directs the conduct of the

acting party.  Golden Hour failed to show by a preponderance of the evidence that emsCharts

controlled or directed the conduct of Softtech, LLC (hereafter "Softtech") by employing it to

2

perform acts on its behalf that, when combined with the acts of emsCharts, resulted in direct infringement of claims 1 and 6-8. Moreover, Golden Hour failed to identify any theory under which emsCharts might have been legally responsible for the actions of Softtech. *See Id.* at 1329.

Golden Hour also failed to establish by a preponderance of the evidence that even when used together, the emsCharts' software, which is software for charting, and Softtech's Flight Vector software, which is software for dispatching, meet every element of claims 1 and 6-8 of the '073 patent. Golden Hour has failed to show by a preponderance of the evidence that either software program bills a patient appropriately or accurately for the costs of a patient incident as required by the third paragraph of claim 1. Because Golden Hour has not established that emsCharts and Softtech have jointly infringed claim 1 of the '073 patent, it necessarily cannot establish that they have jointly infringed claims 6-8, which depend from claim 1. Thus, this Court should find as a matter of law that Golden Hour has failed to show by a preponderance that emsCharts and Softtech jointly infringe claims 1 and 6-8 of the patent.

Golden Hour also failed to show that emsCharts and Softtech jointly infringe claims 15-22 of the '073 patent. Claim 15 is directed to a method of generating a patient record by collecting dispatch data and patient information from a clinical encounter and integrating that information to produce an encounter record. Golden Hour has failed to demonstrate by a preponderance of the evidence that emsCharts controls or directs Softtech such that it controls or directs the entire process that is set forth in claim 15. Moreover, Golden Hour has failed to even identify a theory under which emsCharts could have controlled or directed Softtech such that emsCharts would be legally responsible for the actions of Softtech. Because Golden Hour has not established that emsCharts and Softtech have infringed claim 15 of the '073 patent, it

necessarily cannot establish that they have jointly infringed claims 16-22, which depend from claim 15.

For the forgoing reasons emsCharts asks this Court for Judgment as a matter of law that emsCharts and Softtech do not jointly infringe claims 1, 6-8 and 15-22 of Golden Hour's '073 patent.

**III.    Motion for Judgment of Non-Infringement of Claims 10 and 12-14 by emsCharts Alone as a Matter of Law.**

emsCharts moves this Court for Judgment as a matter of law that it does not directly infringe claims 10 and 12-14 of the '073 patent.  To prove infringement of claim 10, Golden Hour must show that emsCharts software meets every limitation of claim 10.  That is, it must show that the emsCharts software has (1) a first module that is capable of interpreting data relating to the medical condition of a patient involved in a patient incident, and (2) a second module that is capable of receiving that information from the first module and billing the patient appropriately for the patient incident.  Golden Hour failed to prove by a preponderance of the evidence that the emsCharts charting software has ever been used by an emergency medical service to generate a bill.  Moreover, it failed to show that the emsCharts software can bill a patient appropriately or accurately for a patient incident.

Golden Hour's expert Dr. Ogle acknowledged that he has never actually seen a bill generated by the emsCharts program.  Trial Tr. 11/20/2008 (afternoon) at 106:20-107:4.  The only evidence adduced at trial regarding the generation of a bill by emsCharts related to a single page from the User's Manual of the emsCharts software.  Trial Tr. 11/20/2008 (afternoon) 108:6-11, 113:5-20.  That single page shows that even if one generated a report using the emsCharts software, the report would not be appropriate [accurate] because it would not contain an address

4

for remitting payment.  Moreover, such a bill would need to be reviewed by a medical billing coder to confirm that it was accurate.

Golden Hour failed to prove by a preponderance of the evidence that emsCharts' software meets every element of claim 10 of the '073 patent.  Because the software does not meet every element of claim 10, it necessarily does not meet every element of claims 12-14, which depend directly from claim 10.  Therefore, emsCharts asks this Court for Judgment as a matter of law that it does not infringe claims 10 and 12-14 of the '073 patent.

**IV.     Motion for Judgment of Non-Infringement of the Asserted Claims of the '073 Patent by Inducement as a Matter of Law.**

emsCharts moves this Court for Judgment as a matter of law that emsCharts has not induced infringement of any asserted claim of the '073 patent.  Section 271(b) of the Patent Statute provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  To prove that emsCharts has induced others to infringe the '073 patent, Golden Hour must show by a preponderance of the evidence that there has been a direct infringement by a another party and that emsCharts knowingly induced infringement and possessed specific intent to encourage the third party's infringement.  *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  It must also establish a nexus between the direct infringement and emsCharts' actions.  *Id.* at 1303.  Under the en banc holding of *DSU Medical Corp*, 471 F.3d at 1304, a defendant's knowledge that his actions could lead to <u>infringing acts</u> is not sufficient to show intent to induce infringement.  *Id.* at 1304.  The plaintiff must show that the defendant must have known or should have known that his actions would induce the actual infringement.  "The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."  *Id*. at 1305, citing *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990).

As discussed in parts II and III above, Golden Hour failed to show by a preponderance of the evidence that any asserted claim of the '073 patent is directly infringed by any party, much less a third party.  Moreover, Golden Hour has failed to show that emsCharts possessed specific intent to infringe any claim of the '073 patent.  Because Golden Hour failed to meet its burden of showing direct infringement by any third party and specific intent on the part of emsCharts, emsCharts asks the Court to grant judgment as a matter of law that emsChart has induced infringement of the '073 patent.

**V.      Motion for Judgment that Golden Hour Is Not Entitled to Damages.**

emsCharts moves this Court for Judgment as a Matter of Law that Golden Hour is not entitled to damages for any of the asserted claims of the '073 patent.

**A.      Golden Hour Failed to Prove Infringement.**

As a matter of law, Golden Hour has the burden of proving by a preponderance of the evidence that emsCharts has infringed each of the asserted claims of the '073 patent.  Golden Hour has not met this burden.  With respect to claims 1 and 6-8 and 15 and 16-22, for at least the reasons stated above, Golden Hour failed to prove that EmsCharts controlled or directed Softtech such that it would be legally responsible for Softtech's actions.  Golden Hour also failed to prove that emsCharts infringes claim 10 and claims 12-14, which depend directly from claim 10. Claims 10 and 12-14 all require "a second module capable of receiving information from the first module and billing the patient appropriately [accurately] for the patient incident."  Without any evidence to prove that the emsCharts' software bills patients "appropriately" for a patient incident, there is no evidence to show that emsCharts has infringed claims 10 and 12-14. Without proof of infringement for any of the asserted claims of the '073 patent, Golden Hour cannot be awarded damages.

**B.      Golden Hour Cannot Be Awarded a Reasonable Royalty Because Its Calculations Are Highly Speculative.**

Although Golden Hour's expert Dr. Trout identified over two and forty thousand charts to support his reasonable royalty calculations for claims 10 and 12-14, he failed to identify which of those charts, if any, were ones that produced an appropriate bill directly from the emsCharts software.  Thus, the charts identified by Dr. Trout cannot be relied on to support his reasonable royalty calculations because they are purely speculative as to whether they represent actual infringements of claims 10 and 12-14.  Dr. Trout's reasonable royalty calculations for claims 1, 6-8 and 15-22 are also highly speculative because he improperly included charts for five customers that did not import CAD information.  With regard to the seven customers of both emsCharts and Flight Vector, he failed to consider the dates in which CAD information was first and last imported.  As a result, Golden Hour's request for reasonable royalty damages for the asserted claims of the '073 patent are speculative and unreliable and for that reason alone should be denied.

**C.      Golden Hour Has Failed to Prove Price Erosion.**

To establish price erosion damages, Golden Hour must show that, but for the infringement, it would have been able to charge and receive a higher price.  *See Lam, Inc. v. Johns-Manville Corp., 718 F. 2d 1056, 1065 (Fed. Cir. 1983).*  That is, Golden Hour must establish the amount of price reduction and that the price was reduced in response to a competing bid by emsCharts and Flight Vector.  *Vulcan Eng'g. Co. v. FATA Aluminum, Inc.*, 278 F.3d 1366, 1377 (Fed. Cir. 2002).  Here, Golden Hour failed to prove that emsCharts and Softtech submitted competing bids to Air Ambulance Professionals, CALSTAR, and Intermountain HealthCare. Golden Hour also failed to prove that its alleged reduction in price resulted from such competing bids.  Golden Hour also failed to prove that emsCharts and Softtech were acting together in any

of the bids it alleges resulted in price erosion.  Where emsCharts negotiates with an emergency medical transport service for the sale of its charting software, and Softtech independently negotiates with that service for the sale of Flight Vector software, Golden Hour cannot show that but for an infringement, or but for joint their competition, Golden Hour would have received a higher price.  As a result, Golden Hour's request for price erosion damages should also be denied.

Because Golden Hour failed to (1) meet its burden of proving by a preponderance of the evidence that an emsCharts system has infringed the asserted claims of the '073 patent, (2) provide reliable calculations to support its request for a reasonable royalty, and (3) prove that emsCharts and Flight Vector submitted competing bids and that Golden Hour's price was reduced in response to such competing bids, there can be no award of price erosion damages for the asserted claims.   Thus, emsCharts asks the Court to grant judgment as a matter of law that Golden Hour is not entitled to damages for the asserted, but unproven, infringement of the claims of the '073 patent.

VI.    CONCLUSION

For the reasons state above, emsCharts asks that the Court enter Judgment as a matter of law (1) that emsCharts has not infringed claims 1, 6-8 and 15-22 of the '073 patent together with Softtech under a theory of joint infringement; (2) that emsCharts has not directly infringed claims 10 and 12-14 of the '073; (3) that emsCharts has not induced infringement of any asserted claim of the '073 patent; and that (4) Golden Hour is not entitled to damages in this case.

Dated:  November 24, 2008          McKOOL SMITH, P.C.

By:/s/ Sam Baxter
Sam Baxter
Lead Attorney
State Bar No. 01938000
P.O. Box 0
104 East Houston, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
sbaxter@mckoolsmith.com

M. Jill Bindler
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
jbindler@mckoolsmith.com

Of Counsel:
S. Manoj Jegasothy
Eric H. Weisblatt
Susan M. Dadio
Barbara Webb Walker
Martin A. Bruehs
Buchanan Ingersoll & Rooney PC
301 Grant Street , 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Telecopier: (412) 562-1041
manoj.jegasothy@bipc.com
eric.weisblatt@bipc.com

**ATTORNEYS FOR DEFENDANT AND**
**COUNTERCLAIMANT EMSCHARTS, INC.**

9

## CERTIFICATE OF SERVICE

I, Sam Baxter, hereby certify that on November 24, 2008 that counsel of record who are

deemed to have consented to electronic service are being served with a copy of the foregoing on

November 24, 2008, via the Court's CM/ECF system per Local Rule CV-5(a)(3).


/s/ Sam Baxter_____
Sam Baxter