# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06 CV 381 |
| | § | |
| EMSCHARTS, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER [1]

Before the court is Defendants emsCharts, Inc's and Softtech, LLC's Motions for Attorneys' Fees Based Upon a Determination of an Exceptional Case Under 35 U.S.C. § 285. (Dkt. Nos. 289 & 290). The court has carefully considered the law and submissions of the parties. The court DENIES the Motions for the reasons expressed below.

**I.     INTRODUCTION AND FACTS**

In this patent infringement action, Plaintiff Golden Hour Data Systems Inc. ("Golden Hour") obtained a jury verdict of infringement against Defendants emsCharts Inc. and Softtech LLC (collectively "Defendants") with respect to United States Patent No. 6,117,073 ("the '073 patent). *See* Dkt. No. 202 (Jury Verdict). The jury found emsCharts solely liable for willfully infringing certain claims of the '073 patent. The jury also found emsCharts and Softtech jointly liable for willfully infringing certain additional claims of the '073 patent. Subsequently, the court granted emsCharts' Motion for a Judgment as a Matter of Law on the issue of joint infringement. (Dkt. No. 285) Additionally, the court found the '073 patent unenforceable due to inequitable conduct on the

---

[1] This Opinion is a rereleased to correct a typographical error in the originally released Opinion, Dkt. No. 296.

part of Golden Hour and its prosecuting attorneys. (Dkt. No. 284). Defendants now ask the court to declare this case exceptional and award them attorneys fees. Defendants argue the court's finding of inequitable conduct and Plaintiff's Counsel's failure to produce relevant documents until the eve of trial warrant a finding that this case is exceptional.

## II. DISCUSSION

In exceptional cases, the court may award reasonable attorneys' fees to the prevailing party. *See* 35 U.S.C. § 285. An award of attorneys' fees under Section 285 requires a two step analysis: (1) the party moving the court to award fees must prove by clear and convincing evidence that the case is exceptional; and (2) the court must determine whether such an award is warranted. *Interspiro USA, Inc. V. Friggie Int'l Inc.* 18 F.3d 927, 933 (Fed. Cir. 1994). Whether the award is warranted is within the trial court's discretion. *Id.* "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violated Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.,* 459 F.3d 1311, 1321-22 (Fed.Cir.2006) (citations omitted). While a finding of inequitable conduct is probative of whether a case is exceptional, it is not dispositive. *See Gardco Mfg. Inc. v. Herst Lighting Corp.*, 820 F.2d 1209, 1215 (Fed. Cir. 1987); *see also J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1052-53 (Fed. Cir. 1987).

In light of the ***entire record*** and the jury findings in this case, neither Softtech nor emsCharts have met their burden of proving the case is exceptional. The court's finding of inequitable conduct is alone insufficient for the court to find this case exceptional. Additionally, there is no evidence that Plaintiff's Counsel intentionally withheld the late disclosed documents until the eve of trial. There

2

was no pattern of discovery misconduct in this case that would suggest any ill intent on the part of Plaintiff's Counsel.  In fact, the circumstances show that Plaintiff's Counsel disclosed the ultimately damaging documents as soon as they were discovered.  Therefore, the court does not find the case is exceptional, and the court finds that attorneys' fees are not warranted.

## IV. CONCLUSION

The court finds that the defendants have failed to meet their burden by clear and convincing evidence that fees are warranted under 35 U.S.C. Section 285.  The court, therefore, **DENIES** the defendants' motions for fees.

SIGNED this 12th day of May, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE